IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANIK NATH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2128-B-BN |
| | § | |
| DART, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Paying the fee to do so, Plaintiff Manik Nath filed a *pro se* complaint identifying two defendants (DART and ABM Aviation) and alleging that Title VII of the 1964 Civil Rights Act was violated because "my employer is watching me" and has therefore "harass[ed] me" (that's the sum of the facts alleged in the body of the complaint). Dkt. No. 3 (cleaned up).

But attached to the complaint and therefore made part of the pleadings is an EEOC charge of discrimination that Nath filed against DART, which provides a few more factual allegations: that Nath started as a bus operator for DART in November 2024 and that Nath alleges discrimination based on "race (Asian), age (55), color, [and] religion (Hindu)" because Nath has "been watched, which [Nath] believe[s] is discrimination." *Id.* at 6 (cleaned up).

Senior United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

After reviewing Nath's allegations, the undersigned recommends that, for the reasons and to the extent set out below, the Court dismiss the claims on its own motion under Federal Rule of Civil Procedure 12(b)(6).

## Discussion

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible

inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Nath's allegations amount to mere conclusions. That prevents their serving as a basis from which the Court could reasonably infer any wrongdoing by the named defendants. The complaint should be dismissed for this reason alone.

And, to the extent that Nath brings claims under Title VII, when a court applies the applicable pleading standards to employment claims, the complaint "need

not contain specific facts establishing a prima facie case of discrimination[ or retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

Under these standards, Nath's claims of disparate treatment (or discrimination) are not plausibly pleaded because Nath provides no facts from which

the Court could infer that any adverse actions were based on – or because of – a protected status. *Cf. Yarborough v. SlashSupport, Inc.*, 152 F.4th 658, 666 (5th Cir. 2025) ("[A]part from feelings of discrimination, there was no evidence that any different treatment was race-based. Feelings are not competent evidence, and the plaintiffs cannot simply rely on the fact that the other employees are not [the same race as them]." (cleaned up)).

In sum, the complaint should be dismissed.

That said, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Nath an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

Still, the Court should dismiss this lawsuit with prejudice if Nath fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Recommendation**

Unless Plaintiff Manik Nath shows through timely objections a basis to amend

the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice on its own motion under Federal Rule of Civil Procedure 12(b)(6).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE